IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARSHALL SPIEGEL,       )
            Plaintiff,    )
        v.          )      16-cv-4809
                    )      Judge Ellis
MICHAEL KIM,         )
          Defendant.   )

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Spiegel alleges that Kim is a debt collector (Amended Complaint, ¶¶5-8), that the debt arose from an underlying transaction the primary purpose of which was for personal and household purposes − *i.e.*, the purchase of a condominium, (Amended Complaint, ¶9), and that Defendant attempted to collect amounts not owed (specifically attorneys fees) in violation of: 15 U.S.C. 1692e(2)(A)[which prohibits false representation of the character, amount, or legal status of a debt]; 1692e [which prohibits false or misleading representations in connection with the collection of a debt]; and 1692f(1) [which specifically includes as an unfair means the collection of any amount [not] expressly authorized by the agreement creating the debt or permitted by law]. Amended Complaint, ¶¶11-13). These are all the allegations needed to state a claim.

Indeed, the second paragraph of Defendant's motion demonstrates that Defendant is on notice of the nature of Plaintiff's claim, to wit: that Plaintiff alleges defendant was "improperly seeking to collect attorneys fees," in connection with an "underlying consumer transaction, a condominium [purchase]," and this demand occurred in litigation "pending in state court." These are facts, not conclusions. It is a fact Kim demanded fees; it is a fact Spiegel purchased a condominium for personal purposes;

it is a fact the attorneys fees request is not authorized by the governing documents (which discovery will show require Spiegel be indemnified for any conduct as a Board member).

1. **A complaint is a communication under the FCPA; it need not be a letter.**

The case of *Kaiser v. Braje & Nelson, LLP*, 2006 WL 1285143 (N.D. Ind. 2006) is plainly not applicable. As the Court stated, indeed repeated multiple times, "Braje & Nelson's request is based upon a contractual right arising from the real estate contract, so there is a reasonable basis in the law for the request" *Id*. at *6. Here, in contrast, Kim points to no "contractual right," that justified his request for attorneys' fees. Moreover, the citation to *Braie* (a single case from Indiana) is hardly "heavily distinguished." Regardless, it is the *Braje* case that is easily distinguished because there, unlike here, the contract authorized recovery of attorneys' fees.

Defendant's other argument on this point is that because the request for fees came in a legal pleading (a complaint), as opposed to a "letter," dismissal is somehow mnadated. Defendant claims to distinguish *Person v. Stupar, Schuster & Cooper, S.C.*, 136 F. Supp. 2d 957 (E.D. Wis. 2001), and *Newman v. Boehm, Pearlstein, & Bright*, 119 F.3d 477 (7th Cir. 1997) on the ground that they involved letters, and therefore are somehow inapplicable. This argument has been repeatedly rejected.

Whether the request comes in the form of a letter, or a litigation pleading is irrelevant. 1692g(d) only excludes pleadings from being deemed the initial communication (for the purpose of requiring the so-called mini-Miranda warning, which is not a claim Spiegel is bringing). *HBLC v. Egan*, 2016 IL App (1st) 143922, 250 N.E.3d 1185 (2016). HBLC is persuasive authority in this regard. There, the court stated:

> HBLC and Fink argue that *Heintz* is inapposite, since *Heintz* involved the sending of a letter, not the filing of a pleading, and further argue that *Heintz* never

addressed whether the act of filing a complaint by a licensed attorney could be the basis for a FDCPA claim. While HBLC and Fink are correct in their recitation of the facts, *Heintz* is nevertheless instructive in our analysis because the Supreme Court made it clear that the FDCPA applies to attorneys involved in litigation activities, which would presumably include the actual litigation of lawsuits. Indeed, one of the arguments that the Supreme Court rejected was the claim that if the FDCPA applied to litigation activities, then section 1692e(5) "would make liable any litigating lawyer who brought, and then lost, a claim against a debtor." *Heintz,* 514 U.S. at 295, 115 S.Ct. 1489. **Thus, it is apparent that the FDCPA would apply to the filing of a complaint, just as it would apply to any other litigation activity.**

2016 IL App (1st) 14392, 250 N.E.3d 1185, 1194 (2016)(emphasis added). *See also*, *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1031−32 (9th Cir. 2010)("As a preliminary matter, Quick Collect suggests that a complaint is not a communication subject to the requirements of §§ 1692e and 1692f. …We decide this issue and conclude that a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f."); *Kaymark,* 783 F.3d at 177 ("We conclude that a communication cannot be uniquely exempted from the FDCPA because it is a formal pleading or, in particular, a complaint. This principle is widely accepted by our sister Circuits."); *First Resolution Inv. Corp.,* 762 F.3d 529, 535 (6th Cir.2014) ("The fact that the threat appears in a lawsuit or other court filing does not diminish the threatening nature of the communication for purposes of the FDCPA."); *Gearing v. Check Brokerage Corp.,* 233 F.3d 469, 472−73 (7th Cir.2000) (finding statements in state-court complaint violated Section 1692e); *Currier v. Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1031−32 (9th Cir.2010) ("We ... conclude that a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f."); *James v. Wadas,* 724 F.3d 1312, 1316 (10th Cir.2013) ("[T]he FDCPA 'applies to the litigating activities of lawyers,' which, as other circuits have held, may include the service upon a debtor of a complaint to facilitate debt

collection efforts ....") (quoting, *Heintz*, 514 U.S. at 294, 115 S.Ct. 1489, and citing *Donohue*, 592 F.3d at 1031–32); *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F. Supp. 3d 251, 261 (D.D.C. 2015)("Relying on *Heintz*, circuit courts have widely recognized that litigation-related conduct, including the filing of formal complaints, can give rise to claims under the Act.")

As the *Donohue* court stressed, "concluding otherwise would [be] in tension with the Supreme Court's reasoning in *Heintz*." There, the Supreme Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Id.* at 299. The Supreme Court reasoned "the plain language of the [FDCPA] itself says nothing about" an "exemption [for lawyers] in respect to litigation." *Id.* at 297. Nor did it make sense to differentiate between lawyers acting in the capacity of debt collectors and those litigating: "The line ... between 'legal' activities and 'debt collection' activities was not necessarily apparent to those who debated the legislation, for litigating, at first blush, seems simply one way of collecting a debt." *Id.*

## 2. Plaintiff pleads the illegal demand occurred in litigation, this is sufficient detail.

Plaintiff alleges that the unlawful demand for attorneys' fees was made in litigation. In this response, Plaintiff is confirming it was a complaint, which is a reasonable inference to draw from litigation demand. The complaint was served on Spiegel directly, not his attorney. Regardless, even if served on an attorney the claim for attorneys' fees is still impermissible. This is not a confusion case – so the issue of the unsophisticated consumer vs. competent attorney standard is not relevant. It's the improper demand that is a violation of the Act. See, 15 U.S.C. 1692e(2)(A)[which prohibits false representation

of the character, amount, or legal status of a debt]; 1692e [which prohibits false or

misleading representations in connection with the collection of a debt]; and 1692f(1)

[which specifically includes as an unfair means the collection of any amount [not]

expressly authorized by the agreement creating the debt or permitted by law].

3.   *Newman v. Boehm* **governs this case; debts that allegedly arise from transactions that involve the purchase of a condominium are consumer debts under the act.**

It's not surprising the argument in Section 3 of the brief is only six sentences long.

Defendant's cursory treatment of this argument is reflective of its lack of strength. A

review of the reasoning of Boehm demonstrates the reason why Defendant's argument

fails – the issue in determining whether a debt has a consumer purpose (and thus covered

by the FDCPA), the Seventh Circuit was clear that you look at the nature of the

underlying transaction, not the alleged debt itself. Whether the debt is assessments, or

attorneys fees, or late fees, or whatever, is irrelevant – the governing inquiry is the

transaction (i.e. a condo purchase) that determines its consumer purpose. In Boehm the

Seventh Circuit explained:

> By paying the purchase price and accepting title to their home, the Riters became bound by the Declaration of Covenants, Conditions, and Restrictions of their homeowners association, which required the payment of regular and special assessments imposed by the association. The Newmans similarly became obligated upon the purchase of their condominium unit to pay any assessments pursuant to the condominium ownership declaration and the by-laws of their association, as well as under an Illinois statute addressed to condominium property. *See* 765 ILCS 605/9. It is therefore clear that the obligation to pay in these circumstances arose in connection with the purchase of the homes themselves, even if the timing and amount of particular assessments was yet to be determined. *Cf. In re Rosteck*, 899 F.2d 694, 696 (7th Cir.1990) (obligation to pay condominium assessments arose upon purchase of unit, thereby satisfying Bankruptcy Code's definition of "debt"). Because the statute's definition of a "debt" focuses on the transaction creating the obligation to pay (*Bass*, 111 F.3d at 1325), it would seem to make little difference under that definition that unit owners generally are required to pay their assessments first, before any goods or services are provided by the association. That would only be important if the statute required a credit obligation, which

*Bass* says it does not. 111 F.3d at 1326. Regardless of whether the assessment or the service comes first, <u>the obligation to pay is derived from the purchase transaction itself</u>. The assessments at issue in this case therefore qualify as "obligation[s] of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5).

*Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997)(emphasis

added). Spiegel plainly alleges that the alleged debt arose from a consumer transaction ---

his purchase of a condominium.

      WHEREFORE, the Plaintiff MARSHALL SPIEGEL, respectfully requests that

Defendants' motion to dismiss be denied.

                        Respectfully Submitted,
                        MARSHALL SPIEGEL, Plaintiff

                        <u>/s/ Christopher V. Langone</u>

                        By One of His Attorneys

Christopher V. Langone
Langone, Batson & Lavery LLC
17 N. Wabash, Ste. 500
Chicago, IL 60602
(312) 720-9191