UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MARSHALL SPIEGEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 16 C 4809 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| MICHAEL C. KIM, | ) | |
| Defendant. | ) | |

## ORDER

The Court denies Defendant Michael C. Kim's motion to dismiss [14]. See Statement for further details. Kim shall answer the amended complaint by February 15, 2017.

## STATEMENT[1]

Plaintiff Marshall Spiegel alleges that Defendant Michael Kim violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by improperly seeking to collect attorneys' fees that Spiegel's condominium association (the "Association") has incurred in a lawsuit in Illinois state court (the "State Court Lawsuit"). Kim moves to dismiss the amended complaint, arguing that Spiegel has not pleaded enough facts to allege a claim under the FDCPA. Because Spiegel has alleged enough facts to state a claim, the Court denies Kim's motion.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[1] The facts recited in this section are taken from Spiegel's amended complaint and are presumed true for the purpose of resolving Kim's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

Spiegel alleges that Kim sent a communication to Spiegel demanding attorneys' fees on behalf of the Association and that the Association cannot collect these attorneys' fees from Spiegel because he is a board member of the Association. To state a claim under the FDCPA, Spiegel must allege that (1) Kim qualifies as a "debt collector," as defined in § 1692a(6), (2) Kim acted "in connection with the collection of any debt," and (3) Kim's actions violated one of the FDCPA's substantive provisions. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Spiegel alleges that Kim's demand violated the substantive provisions of the FDCPA in § 1962e(2) by falsely representing "the character, amount, or legal status of [the] debt," or, alternatively, by falsely representing that Kim could lawfully recover "any services rendered or compensation . . . for the collection of a debt," 15 U.S.C. § 1692e(2)(A)–(B), and violated § 1962f(1) by attempting to collect a debt that was not "expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. § 1692f(1).

Kim first argues that Spiegel has not sufficiently described how Kim sent an unlawful communication to Spiegel. To state a claim for the violation of the FDCPA, fundamentally there must be "a communication from a debt collector to a debtor . . . made in connection with the collection of any debt." *Gburek*, 614 F.3d at 382 (internal quotation marks omitted) (citation omitted). "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Challenged by Kim on what the unlawful communication was, Spiegel clarifies that the State Court Lawsuit's complaint (the "State Court Complaint") against Spiegel is the communication that contains Kim's unlawful demand for attorneys' fees.

Normally, a plaintiff cannot amend a complaint with the brief opposing the defendant's motion to dismiss, *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), but a party may "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). In the amended complaint, Spiegel alleges that Kim sought to collect attorneys' fees; that Kim represents the Association in the State Court Lawsuit; that Kim made a demand on behalf of the Association for attorneys' fees; that Kim is pursuing the "dispute with Spiegel," Doc. 4 ¶ 13; and that Kim's demand is "litigation conduct," *id.* ¶ 15. Further, Kim tacitly acknowledges that he knows the State Court Complaint is at issue, writing before Spiegel's clarification that this case "involves legal pleadings." Doc. 14 at 4. While Spiegel does not explicitly describe the State Court Complaint in his amended complaint, his allegations are consistent with its existence, and filing a lawsuit and state court pleadings can be actionable under the FDCPA. *Rehman v. Pierce & Assocs., P.C.*, No. 16 C 5178, 2017 WL 131560, at *4 (N.D. Ill. Jan. 13, 2017) (collecting cases). Therefore, the Court will not dismiss the amended complaint for failure to allege an actionable communication.

Kim next argues that Spiegel has not alleged who received the alleged unlawful communication. Spiegel argues that he, himself, received the allegedly unlawful

communication.  In Illinois, plaintiffs typically provide a complaint to a defendant through personal service.  *See* 735 Ill. Comp. Stat. 5/2-202 ("Summons may be served upon the defendants wherever they may be found in the State, by any person authorized to serve process.").  Again, although Spiegel did not explicitly state that Kim served Spiegel with the State Court Complaint, this elaboration is consistent with his allegations and sufficient to state a claim and avoid dismissal.

Finally, Kim argues that Kim's alleged request for attorneys' fees cannot support a FDCPA claim.  Spiegel alleges that Kim has "improperly demand[ed] attorneys fees," Doc. 4 ¶ 11, in connection with the State Court Lawsuit—clarifying in his opposition brief that these are attorneys' fees that related to "his purchase of a condominium" at the Association, Doc. 19 at 6—and that these fees were not authorized by his contract with the condominium or otherwise by law.  An attempt to collect attorneys' fees can support an FDCPA claim under § 1962e and § 1962f.  *See Strange v. Wexler*, 796 F. Supp. 1117, 1120 (N.D. Ill. 1992) (finding debt collector violated § 1962e by demanding attorneys' fees to which he was not entitled); *Brooks v. Auto Sales & Servs., Inc.*, No. IP 00-1467-C-M/S, 2001 WL 686950, at *6 (S.D. Ind. June 15, 2001) (finding allegation that demand for excessive attorneys' fees stated a claim for violation of §§ 1962e(2)(B) and 1962f(1)).  Discovery will illuminate whether Spiegel can succeed on his claim that the attorneys' fees demand in the State Court Complaint violated the FDCPA.

For the foregoing reasons, the Court denies Kim's motion to dismiss [14].  Kim shall answer the amended complaint by February 15, 2017.


Date:  January 31, 2017 /s/  Sara L. Ellis